**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| LAWRENCE MILLS, | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-18-743 |
| | * |
| SUNTRUST BANKS, INC., | * |
| Defendant. | * |

**MEMORANDUM OPINION**

In July 2015, Defendant SunTrust Banks, Inc. ("SunTrust") seized $2,757.17 of Plaintiff Lawrence Mills' assets. ECF No. 2 ¶ 6.[1] In response, Plaintiff brought a successful replevin action in Montgomery County District Court in which SunTrust agreed to a consent judgment in which it would release the seized assets. *Id.* ¶ 9. In January 2018, Plaintiff filed a second lawsuit in the Circuit Court for Montgomery County, Maryland alleging that this seizure violated the Maryland Consumer Protection Act and Article 4 of the Maryland Commercial Code, and constituted conversion, breach of contract, and intentional infliction of emotional distress. He seeks $20,000 in compensatory damages, $500,000 in punitive damages, and $3,000 in attorney's fees. *Id.* ¶ 40. Defendant removed the action to this Court on March 12, 2018 and filed a Motion to Dismiss, ECF No. 12. No hearing is necessary. *See* Loc. Rule 105.6. Because Plaintiff's suit is barred by *res judicata*, Defendant's Motion to Dismiss is granted.

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 2, and are presumed to be true.

1

I.  **DISCUSSION**

The Fourth Circuit has held that "an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Furthermore, "when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Id*. Plaintiff has not objected to the inclusion of records from the state court proceedings, and raises no dispute of fact. Therefore, the Court's consideration of Defendant's *res judicata* defense is appropriate at this time.

*Res judicata* bars a party from relitigating a claim that was decided or could have been decided in a prior suit. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine is generally governed by the law of the state in which the judgment was rendered. *Id*. at 162. In Maryland, the elements of *res judicata* are:

> (1) that the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits.

*Id*. For purposes of the second element, a claim is identical if it could have been litigated in the prior adjudication. *Powell v. Breslin*, 430 Md. 52, 64 (Md. 2013) (*Res judicata* renders the final judgment in the first case conclusive "as to 'all matters which with propriety could have been litigated in the first suit'") (quoting *Alvey v. Alvey*, 225 Md. 386, 390 (Md. 1961)).

Here, all three elements are satisfied. First, Plaintiff does not dispute that SunTrust Bank, the defendant in the original replevin action, is a wholly owned subsidiary of SunTrust Bank, Inc. *See* ECF No. 12-1 at 6. A corporation and its wholly owned subsidiary are in privity for

purposes of *res judicata*. *See, e.g., Whitehead v. Viacom*, 233 F. Supp. 2d 715, 721 (D. Md. 2002).

Second, nothing would have prevented Plaintiff from bringing these precise claims against SunTrust Bank in the first action. Plaintiff has discovered no new factual information about SunTrust's allegedly tortious behavior and suffered no new injury. Plaintiff asserts that other causes of action cannot be brought alongside a replevin action, but that is not so. *See, e.g., Mathis v. Hargrove*, 166 Md. App. 286, 294-95 (Md. 2005) (bringing replevin, trespass, conversion, breach of contract, and other state law claims). Plaintiff offers no explanation for his failure to bring his new claims in the original action, and cites no authority supporting the proposition that he was barred from doing so; therefore, the second element of *res judicata* is met.

Finally, there is no dispute that the District Court of Maryland for Montgomery County issued a final judgment on the merits in the original action. *See* ECF No. 12-3 at 2 (entering judgment in favor of Plaintiff). Because all three requirements for *res judicata* are met, Plaintiff is barred from bringing new claims against SunTrust Bank, Inc. based on the same seizure of funds as the earlier action.

## II.     CONCLUSION

Defendant's Motion to Dismiss, ECF No. 12, is granted.  A separate Order shall issue.

Date: <u>March 4, 2019</u>                                                    /s/_____
                                                                                         GEORGE J. HAZEL
                                                                                         United States District Judge